IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE AARON                                                                                    PLAINTIFF

VS.                                                                             CIVIL ACTION NO. 1:08CV198-D-D

TOWN OF SMITHVILLE, MISSISSIPPI                                                  DEFENDANT

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before this Court is Defendant Town of Smithville, Mississippi's ("Smithville") Motion for Summary Judgment. After reviewing the motion, responses, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

The Plaintiff, George Aaron (hereinafter "Plaintiff" or "Aaron"), an African-American, Aaron graduated from the law enforcement academy for full-time officers and began working for the City of Amory, Mississippi full-time as a patrolman in 1991, where he has been employed full-time ever since. For the past six years, Aaron has been a shift supervisor for the Amory Police Department ("Amory") which requires him to check the paperwork of the other officer on his shift and to supervise the dispatcher. Aaron was promoted to Lieutenant in February, 2009, with the Amory Police Department. According to Aaron, he has worked and continues to work, the day shift for eighty-four hours every two weeks with Amory and is paid $16.79 per hour by the City of Amory.

On July 7, 1998, Aaron began working part-time[1] for the Town of Smithville, Mississippi[2] as a patrolman for the Smithville Police Department, while remaining full-time with Amory. At the time Aaron was hired, he was the second African-American hired to the Smithville force of five officers. The Chief of Police, Smithville Mayor and all members of the Board of Aldermen were white. Shortly after Aaron's hiring, Darwin Hathcock was appointed Chief of Police and Prentiss Wigginton was the Assistant Chief, both of whom are white. Thereafter, Chief Hathcock promoted Aaron to a Lieutenant. The promotion was in title only and did not include any additional duties or pay and he has never been a supervisor or had any administrative duties with the Smithville Police Department. For the last three years, Aaron has worked one eight hour night shift per week, receiving $8.39 per hour by Smithville. Aaron is still employed part-time with Smithville. The Police Chief is the only full-time employee and all other employees, including the Assistant Chief, are part-time employees.

Prentiss Wigginton was the Assistant Chief for Smithville until September 2007, at which time he resigned. However, Wigginton began making threats to resign his employment with Smithville beginning in 2001 and both Chief Hathcock and Aaron testified in their deposition that they discussed the Assistant Chief position several times. Though Aaron thought those conversations occurred in 2005, he did not dispute Hathcock's recollection that they occurred in 2001 or 2002 and Aaron admitted that the Hathcock did not discuss the Assistant Chief position with him after 2006.

Eric Mills was hired as a part-time police officer for Smithville in 2004. Mills works approximately twenty to thirty-two hours per week for Smithville and is Smithville's K-9 officer.

---

[1] The record reflects when Aaron was first employed with Smithville, he worked 20-30 hours per week but has only worked eight hours per week for the past three years.
[2] The 2000 Federal Census listed the population of the Town of Smithville 882.

Mills also works full-time for the City of Amory Fire Department. After Wigginton resigned the Assistant Chief position, Hathcock asked Mills if he would be interested in being the new Assistant Chief. At the October, 2007 Board of Aldermen meeting, Chief Hathcock presented three officers, George Aaron, John Bishop and Eric Mills, to replace Wigginton as the new Assistant Chief for Smithville. Both Bishop and Mills are white males. Mayor Gregg Kennedy testified in his deposition that members of the Board reviewed the personnel files for certificates of training, hours worked and work history, meaning job performance. The personnel records show that from 2004 through 2007, Aaron wrote two citations and made two arrests. For that same time period, Mills wrote four hundred sixty-seven citations and made one hundred fifty-three arrests. Four Aldermen testified in their depositions that they accepted Hathcock's recommendation of Mills based on Mills's availability. Three other Aldermen testified that they compared Mills's job performance to Aaron's and choose Mills over Aaron. One Alderman testified that Mills being the K-9 officer was important. Alderman Dabbs stated a combination of the above, Mills's availability, the fact he was a K-9 officer, and his responsibility, was the reason he chose Mills over Aaron.

Hathcock recommended Mills receive the promotion based on Mills's availability during the day to cover for Hathcock, should he be out of town. Based upon Hathcock's recommendations, the Board voted unanimously to promote Eric Mills to the position. Aaron testified that he is not aware of any additional pay he would have received as Assistant Chief. Aaron also testified that Mills does not direct any of Aaron's job duties and that the only change for Mills was in title only. Mills did receive a raise after being promoted to Assistant Chief and not makes $1.20 per hour more than Aaron. However, Aaron has failed to offer any facts related

3

to Mills higher pay. The record clearly reflects that Mills works twelve to twenty-four hours more per week than Aaron and Mills is the K-9 officer for Smithville.

On August 13, 2008, Plaintiff filed the present action alleging he was discriminated against based on his race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Defendant timely filed its Answer and Affirmative Defenses on November 11, 2008, in which it denied all liability for Plaintiff's claims. The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of his claims and therefore, those claims are addressed below.

*B. Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th

Cir. 1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### C. Discussion

#### i. Racial Discrimination under 42 U.S.C. § 1981

The Plaintiff's claims for race discrimination under 42 U.S.C. § 1981 and for punitive damages (if any such claim is asserted) shall be dismissed. The law is clear that a Section 1981 claim cannot be asserted, on its own, against a local government entity such as the Town of Smithville because Section 1983 is the sole provision for enforcing Section 1981 against such defendants. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L. Ed. 2d 598 (1989). Plaintiff, in the case *sub judice*, failed to pursue a section 1983 claim against the Town of Smithville; therefore his section 1981 race discrimination claim must be dismissed. Oden v. Oktibbeha County, Mississippi, 246 F.3d 458, 463-64 (5th Cir. 2001). Accordingly, the Plaintiff's claims for race discrimination under 42 U.S.C. § 1981 fails as a matter of law and the Defendant's motion for summary judgment concerning this claim shall be granted.

#### ii. Racial Discrimination under Title VII

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex . . . ." 42 U.S.C. §2000e-2(a)(1)(2006). "Employment discrimination plaintiffs must exhaust administrative

remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor v. Books A Million, Inc., 296 F.3d 376, 378-379 (5th Cir. 2002)(*citing* Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir.1996)). Plaintiff exhausted his administrative remedies and therefore the cause is properly before the Court.

In order for Plaintiff to survive summary judgment, he must establish a *prima facie* case of racial discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case, Plaintiff must establish each of the following elements:

1. That he belongs to a protected class;
2. That he was qualified for the position he sought;
3. That he suffered an adverse employment decision; and
4. That the position was filled by someone outside the protected class.

DeCorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007)(*citing* Manning v. Chevron Chem Co., LLC, 332 f.3d 874, 881 (5th Cir. 2003)); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The Defendant concedes that Plaintiff can establish a *prima facie* case and therefore, the Court will not address the 4 elements.

The burden then shifts to the Defendant to articulate "a legitimate, nondiscriminatory reason" for its employment action. DeCorte, 497 F.3d at 437. Defendant claims that it promoted Mills instead of Aaron due to Mills's availability and because of Mills's performance on the job. Chief Hathcock stated that he recommended Mills due to his availability. Plaintiff admits that is

6

Smithville's stated reason and does not argue that Defendant failed to satisfy its production of burden.

As a result, the final burden is shifted back to Plaintiff to prove that the Smithville's proffered reason is a pretext for discrimination by showing that 1) either the employer's explanation is false/unworthy of credence or 2) Defendant's reason, while true, is only one of the reasons for its conduct and that the other "motivating factor" is Plaintiff's race (mixed-motive reason). Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003); Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

Plaintiff cites Rachid and Laxton, along with others, as the standard for proving Smithville's reason was false or unworthy of credence but fails to provide any discussion as to how these cases apply to the facts of the case *sub judice*. Plaintiff merely states that he has "created a jury question as to whether race was a factor in his non-promotion and summary judgment would be improper." The Court therefore reviews the facts previously provided by Plaintiff in the context of pretext and finds the only facts Plaintiff submits to support his argument that Smithville's reason was pretextual is that Plaintiff is more qualified due to his training and years with the Amory Police Department and therefore, Smithville's decision to promote Mills instead was because Plaintiff is black. However, there is nothing in the record that suggests that the Board of Alderman or Chief Hathaway considered qualifications, such as job training and experience, in making their decision. The Board and Chief Hathaway all stated that Mills's availability to work during the day was the reason. One Board member did say he considered the fact that Mills is the K-9 officer in making his decision but this is not part of the stated qualifications which Plaintiff argues. Therefore, the Court is of the opinion that Plaintiff

7

has failed to show there is a genuine issue for trial as to whether Smithville's reason was false or unworthy of credence.

Having failed to show Smithville's reason was false, Plaintiff must show that Defendant's reason, while true, is only one of the reasons for its conduct and that the other "motivating factor" is Plaintiff's race (a mixed-motive reason). The United States Supreme Court has held that a "plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that 'race...was a motivating factor for any employment practice." Desert Palace, Inc v. Costa, 539 U.S. 90, 101 (2003). As stated above, Plaintiff failed to provide any facts or argument regarding the mixed-motive reason but merely made a conclusory statement that he had created a genuine issue for trial. Again, the Court reviews Plaintiffs previously stated facts and arguments and is of the opinion that the only facts Plaintiff submits that support his argument that race was a motivating factor is because he was more qualified based on his training therefore race had to have been the reason or at least part of the reason he was not promoted.

The Court finds these facts and conclusory statements are insufficient to create a genuine issue for trial and is of the opinion that Plaintiff's argument that Smithville's reason was only pretext for discrimination rests on Plaintiff's subjective belief that race was the real reason or at least a motivating factor. The Fifth Circuit has consistently held that "an employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." E.E.O.C. v. Louisiana Office of Community Services, 47 F.3d 1438, 1448 (5th Cir. 1995) *See also* Portis v. First Nat'l Bank of New Albany, Miss., 34 F.3d 325, 329 (5th Cir. 1994); Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983).

Therefore, the Court finds that Plaintiff has failed to meet his burden of proof that Defendant's legitimate, non-discriminatory reason for not promoting Plaintiff to Assistant Police Chief was merely pretext for discrimination or that race was a motivating factor in Smithville's decision not to promote him.

### D.  Conclusion

In sum, the Court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims. Defendant's motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

This the 10 day of December, 2009.

_____
Senior Judge